O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GREEN, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., a Delaware limited liability company; ROY RILEY, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>　　　　　　Defendants. | Case No.:  2:23-cv-07513-MEMF-RAO<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT [ECF NO. 8]** |

　　　Before the Court is Motion to Remand filed by Plaintiff William Green. ECF No. 8. For the reasons stated herein, the Court hereby GRANTS the Motion to Remand.

/ / /

/ / /

/ / /

1

### I. Background

#### A. Factual Background[1]

Plaintiff William Green is an individual who resides in Los Angeles, California. Compl. ¶ 1. Defendant The Ritz-Carlton Hotel Company, L.L.C. ("Ritz-Carlton") is a Delaware limited liability company that owns or controls the hotel located at or near 900 W. Olympic Boulevard, Los Angeles, California 90015 (the "Hotel"). Compl. ¶ 2. Defendant Roy Riley is a former employee of Ritz-Carlton who also resides in California and worked for Ritz-Carlton during the events at issue. Compl. ¶ 4.

On December 23, 2020, Green was injured when shards of a chandelier above the dining table in Room Number 2542 of the Hotel fell onto Green. Compl. ¶ 10.

#### B. Procedural History

On December 20, 2022, Green filed a complaint in the Superior Court of California for the County of Los Angeles. *See* Compl. The Complaint named two Defendants, Ritz-Carlton and Riley, and alleged the following two causes of action against both Defendants: (1) Negligence; and (2) Premises Liability. *See id.*

Green served Ritz-Carlton with the Complaint on January 4, 2023. Notice of Removal ("NOR") ¶ 4, ECF No. 1.[2] On January 18, 2023, Ritz-Carlton filed its Answer. ECF No. 1-4. On September 11, 2023, Ritz-Carlton removed the action to this Court on the basis of diversity. *See* NOR pp. 2, 14. In the Notice of Removal, Ritz-Carlton argues that the Court has jurisdiction over the case under 28 U.S.C. § 1332(a) (diversity jurisdiction) because Green fraudulently joined Riley (a California resident and presumably a California citizen) to this action, and so, Riley's citizenship is disregarded pursuant to the fraudulent joinder doctrine. NOR ¶ 3.

On September 25, 2023, Green filed the instant Motion to Remand. ECF No. 8 ("Motion" or "Mot."). On September 28, 2023, Ritz-Carlton filed its Opposition to Motion to Remand. ECF No. 11 ("Opposition" or "Opp'n"). Green did not file a Reply in Support of Motion to Remand.

---

[1] Unless otherwise indicated, the following factual background is derived from Plaintiff's Complaint. ECF No. 1-1, Ex. A ("Complaint" or "Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

[2] It appears that Riley has not yet been served. NOR ¶ 3.

On December 19, 2023, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 22; *see also* C.D. Cal. L.R. 7-15.

## II.     **Applicable Law**

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, ... original subject-matter jurisdiction [must] lie[ ] in the federal courts."). When doubt regarding whether the right to removal exists, a case should be remanded to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Further, a removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

One possible basis for removal of state action is diversity jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## III.    **Discussion**

The parties' dispute on remand concerns two issues: first, whether Ritz-Carlton timely filed its notice of removal and second, whether removal is justified by Green's allegedly fraudulent joinder of Riley. The Court finds that it need not reach the issue of fraudulent joinder because Ritz-Carlton's notice of removal was not timely filed.

The procedure for removal is set out in 28 U.S.C. § 1446, which also provides the deadlines for removal. The statute states that a case may be removed either during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives an "amended pleading, motion, order or other paper from which" the defendant first ascertains that the case is or has become removable. 28 U.S.C. § 1446(b). In the Ninth Circuit, a defendant has no duty to "investigate" removability of a case. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Ritz-Carlton's removal of this case was untimely. On its face, Green's Complaint does not appear to reveal any information that triggers removal based on diversity jurisdiction. *See generally,* Compl. The only clue as to Riley's citizenship is the allegation that Riley resided in California at the time the Complaint was filed. Compl. ¶ 4. Therefore, Ritz-Carlton's counsel was arguably not aware of the asserted grounds for removal—fraudulent joinder of Riley—until Riley's deposition. On May 15, 2023, Green's counsel deposed Riley, who testified that in his role as Assistant Director of Safety & Security for Ritz-Carlton, Riley was not involved in maintaining, inspecting, or erecting the chandelier that fell upon Green. Declaration of Timothy M. Smith ("Smith Decl."), ¶ 3, Ex. 2 at 24:20-25:25, 36:23-37:7, ECF No. 11-1. The thirty-day removal deadline under 28 U.S.C. § 1446(b)(C)(3) was thus triggered when Ritz-Carlton's counsel received the transcript of Riley's deposition on June 1, 2023. Smith Decl. ¶ 3; 28 U.S.C. § 1446(b)(C)(3); *see Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886–87 (9th Cir. 2010) (finding that a deposition transcript can "constitute 'other paper' within the meaning of section 1446(b)"). However, Ritz-Carlton did not file its Notice of Removal until September 11, 2023, past the thirty-day deadline (which was July 3, 2023).

Ritz-Carlton's argues that the thirty-day removal period was never triggered because Riley has been a named defendant during the duration of the action. Opp'n at 1–2. However, this argument ignores the plain text of 28 U.S.C. § 1446(b), which provides that a notice of removal must be filed within thirty days after the defendant receives a paper (the deposition transcript) from which it can be ascertained that removal is proper (here, removal based on fraudulent joinder). Ninth Circuit precedent suggests that removal based on fraudulent joinder is not treated any differently, insofar as

deadlines are concerned, as removal on any other basis ascertained from pleadings, motions, or other papers. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316–18 (9th Cir. 1998) (applying plain language of Section 1446 to notice of removal based on fraudulent joinder without indicating that different standard applies to fraudulent joinder).[3]

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Green's Motion to Remand.

IT IS SO ORDERED.

Dated: December 20, 2023

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[3] Ritz-Carlton misstates the applicability of the one-year deadline. The one-year deadline contained in 28 U.S.C. § 1446(c) is superimposed on top of the thirty-day deadline to file a notice of removal from receipt of service of an amended pleading, motion, order, or other paper from which removability is first ascertained. In other words, removal is precluded where a defendant in a case that is not initially removable discovers a basis for removal one year after the commencement of the case. Although the one-year deadline has a statutory exception (where the plaintiff has acted in bad faith to prevent removal, 28 U.S.C. § 1446(c)), the thirty-day deadline contains no such exception, and nor does Ritz-Carlton point to any law that would provide an exception to the deadline, as *Kite*, a non-binding case, discusses the one-year deadline. *See* Opp'n at 2; *Kite v. Richard Wolf Med. Instruments Corp.*, 761 F. Supp. 597, 600 (S.D. Ind., 1989).